IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE WATKINS, #276564, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-823-MHT |
| ) | |
| JUDGE GREG GRIFFIN, et al, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Jimmy Lee Watkins ("Watkins"), an indigent inmate, initiated this 42 U.S.C. § 1983 action on October 7, 2016. In the instant complaint, Watkins alleges that employees of the Judicial Inquiry Commission, Chairman Billy C. Bedsole and Assistant Executive Director Chandra Brown, deprived him of his constitutional rights when the Commission refused to refer his claims against a Morgan County judge to the Court of the Judiciary for action. *Doc. No. 1* at 10.[1] Watkins also complains that employees of the Alabama State Bar Association, J. Anthony McClain, John Ellison Vickers, III, Carol Wright and Carol Mott, refused to take formal action against two attorneys against whom he had submitted bar complaints. *Id*. at 12. Finally, Watkins challenges the constitutionality of actions undertaken by Judge Greg Griffin, a judge for the Circuit Court of Montgomery, Alabama, in a civil case filed against the aforementioned employees of the Alabama State Bar

---

[1] These claims relate to actions taken by the judge during a criminal case involving Watkins.

Association. Watkins sues the defendants in their individual capacities, *id*. at 8, and seeks issuance of a declaratory judgment, injunctive relief and monetary damages. *Id*. at 16.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A.  Judge Greg Griffin

#### 1. *Attendant Declaratory Relief*

(i) <u>Non-Final Orders</u>.  To the extent Watkins seeks relief from adverse decisions issued by Judge Griffin which are not yet final, he is due no relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Specifically, Watkins may request reconsideration of any adverse ruling by the Circuit Court of Montgomery County or file an appeal with the Alabama Court of Civil Appeals of the lower court's adverse ruling(s).  Since state law provides an adequate remedy for Watkins to challenge non-final orders, the plaintiff is "not entitled to

---

[2]The court granted Watkins leave to proceed *in forma pauperis* on October 20, 2016 (Doc. No. 4).  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

declaratory or injunctive relief in this case[,]" *id.* at 1243, and his claims related to non-final orders are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

(ii) <u>Final Orders</u>. With respect to claims presented by Watkins which attack the constitutionality of orders issued by Judge Griffin that have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The Rooker-Feldman doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Watkins from proceeding before this court as the instant case, with respect to any claims challenging final orders issued by a state court in a pending or closed civil action, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts in § 1983 actions "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action taken by

a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of requests for relief from final actions undertaken by a state court during proceedings related to the plaintiff's civil case is appropriate pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### 2. *Monetary Damages Against Judge Griffin*

Watkins alleges that Judge Griffin violated his constitutional rights during proceedings related to a civil case filed against employees of the state bar association. The allegations made by Watkins against Judge Griffin emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Watkins' claims for monetary damages against Judge Griffin are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### B. The Judicial Inquiry and State Bar Defendants

On May 10, 2016, Watkins filed a complaint against a Morgan County judge with the Judicial Inquiry Commission for "immorality actions" in which he sought discipline of

the judge for alleged unprofessional conduct that occurred during state criminal proceedings. *Doc. No. 1* at 9.³ In August of 2016, the Commission sent Watkins a letter advising him that:

> The Judicial Inquiry Commission is a part of the judicial disciplinary system of this state. It has authority to consider complaints against judges to determine whether a reasonable basis exist to charge the judge with certain specific types of misconduct, such as a violation of Cannon of Judicial Ethics, or with inability to perform judicial duties. The Commission has no authority to consider the correctness of any ruling a judge makes in a case.
> Upon careful review of your complaint, the Commission determined that it involves legal matters not within the jurisdiction of this Commission, Thus, the file on your complaint has been closed.

*Id.* at 10.

Watkins also filed complaints with the Alabama State Bar Association against James T. Kyle and Christy Watkins, attorneys who represented him in state criminal proceedings. In May of 2016, Watkins received two separate responses from the state bar to these complaints. Each response sets forth "the same exact terms" in addressing Watkins' complaints against the attorneys, *id.* at 12, and read, in pertinent part, as follows:

> The Disciplinary Commission of the Alabama State Bar has received the complaint that you filed against the above-referenced attorney. A copy of your complaint was forwarded to the attorney and a copy of the attorney's response to your complaint is enclosed. Two attorneys in the Office of General Counsel of the Alabama State Bar have reviewed your complaint and the attorney's response to the complaint. In view of the nature and

---

³"The . . . JIC is a nine-member body created by the Alabama Constitution as part of the Judicial Article adopted by the people of Alabama, which provides that the JIC shall be convened permanently with authority to conduct investigations and receive or initiate complaints concerning any judge of a court of the judicial system of this state. Art. VI, § 156(b), Ala. Const. The JIC functions in a manner similar to a grand jury. The JIC files a complaint with the Court of the Judiciary ('COJ') in the event that a majority of the members decide that a reasonable basis exists to charge a judge with violation of any Canon of Judicial Ethics, misconduct in office, or failure to perform his or her duties. Art. VI, § 156(b), Ala. Const. The Alabama Supreme Court adopts rules governing the procedures of the JIC. Art. VI, § 157(c)." *Moore v. Judicial Inquiry Commission of the State of Alabama*, --- F. Supp.3d ---, 2015 WL 4157328, *2 (N.D. Ala. Aug, 4, 2016).

> content of the complaint and the enclosed response of the attorney, we will take no further action in this matter.

*Id.* at 12.

Watkins complains that the judicial inquiry and state bar defendants deprived him of due process and equal protection by failing to take any adverse action against the judge and attorneys against whom he filed complaints.[4] In addition, Watkins contends that the defendants, his attorneys, various judicial officers and the prosecutor engaged in a conspiracy to effectuate his conviction by "prevent[ing] disclosure of vast violations in [his criminal] case." *Id.* at 12.

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg*

---

[4]Although Watkins also argues that the defendants acted with "deliberate indifference" to his constitutional right to a fair trial when they failed to impose sanctions on his attorneys and the presiding judge, *id*. at 15, it is clear that this theory of liability provides no basis for relief in the context of this case. Specifically, the deliberate indifference standard is applicable when determining whether an inmate has been subjected to cruel and unusual punishment during the term of his confinement or the execution of his sentence as prohibited by the Eighth Amendment. In such cases, the law provides that custodial prison officials may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the officials know that the inmate faces "a substantial risk of serious harm" and with this knowledge disregard the risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003). It is therefore clear from the foregoing that the deliberate indifference standard is inapplicable to the claims presented by Watkins against employees of the Judicial Inquiry Commission and Alabama State Bar Association challenging the manner in which they handled his complaints.

*Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 49-50 (1999) (footnote omitted) (emphasis in original).  For purposes of this Recommendation, the court finds that the defendants acted under color of state law.  Thus, the issue before this court is whether the actions of the defendants in failing to lodge formal complaints against Watkins' attorneys and the state judge deprived him of a federally protected right, to wit, his constitutional rights under the Fourteenth Amendment.[5]  Watkins alleges violations of both his due process and equal protection rights.

### 1. *The Due Process Claim*

Watkins complains that the defendants deprived him of due process when they completed their investigations of his complaints without imposing formal charges against his attorneys or the state trial judge.  The plaintiff has no right secured by the Constitution to proceed before or receive relief from a state bar association or judicial oversight commission.  Thus, the actions about which Watkins complains did not deprive him of any constitutionally protected right so as to give rise to a due process claim.  The facts of this case simply do not present a "plain and substantial departure from the fundamental principles upon which our government is based that it could with truth and propriety be said that, if the judgment were suffered to remain, the party aggrieved would be deprived

---

[5]The Fourteenth Amendment provides, in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

of his life, liberty, or property in violation of the provisions of the federal constitution." *Wilson v. North* Carolina, 169 U.S 586, 596 (1898). Any holding other than the one issued herein would unnecessarily broaden the Due Process Clause to encompass unlimited claims by inmates who believe they are entitled to favorable review of complaints submitted to the Judicial Inquiry Commission and State Bar Association to redress perceived wrongs that occurred during state criminal proceedings. A contrary ruling "would also result in the filing of voluminous constitutional claims premised upon the actions of a state in the removal [or non-removal] of state elected officials" such as the trial judge and in determining those sanctions, if any, which should be imposed upon the members of its bar. *Kuhn, et. al., v. Thompson, et al.*, Civil Action No. 2:13-F-1136-N (M.D. Ala. Jan. 23, 2014) - *Doc. No. 25* at 24. In light of the foregoing, Watkins' due process challenge fails to state a claim upon which relief may be granted and is therefore due to be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### *2. The Equal Protection Claim*

In the complaint, Watkins references a general "prohibition against discrimination" and the "denial of equal protection on account of race, color, religion, sex or national origin." *Doc. No. 1* at 8. He presents no specific facts regarding the manner in which the defendants acted in violation of his equal protection rights.

"Despite the tendency of all rights 'to declare themselves absolute to their logical extreme,' there are obviously limits beyond which the equal protection analysis may not be pressed. . . . The Fourteenth Amendment 'does not require absolute equality or precisely

equal advantages,'. . . nor does it require the State to 'equalize [prison] conditions.'" *Ross v. Moffitt*, 417 U.S. 600, 611-612 (1974); *Hammond v. Auburn University*, 669 F.Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth Amendment does not require all persons to be treated either identically or equally."). To establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] [allege] that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metro. Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Mere disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious

discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

Initially, Watkins fails to identify anyone similarly situated to him who received differential favorable treatment from the defendants. Thus, Watkins' "equal protection claim necessarily fails first because he has not [asserted] that he was treated differently from other, similarly situated prisoners." *Sweet*, 467 F.3d at 1319.[6] In addition, Watkins' self-serving, conclusory and unsupported allegation of an equal protection violation provides no basis for relief as Watkins does not allege nor is there any logical basis from which to infer that the actions of the defendants resulted from purposeful or intentional discrimination. *See Snowden v. Hughes*, 321 U.S. 1, 8 (1994). Thus, the equal protection claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Conspiracy

Watkins makes the specious and unsupported allegation that the adverse actions about which he complains are the result of a conspiracy among the defendants, state judicial officers, his appointed attorneys, the prosecutor and various state investigators to deprive him of his constitutional rights during his criminal trial. "Conspiring to violate another person's constitutional rights violates section 1983. *Dennis v. Sparks*, 449 U.S. at 27, 101 S.Ct. at186 (1980); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir.1988), *overruled in part on other grounds by Whiting v. Traylor*, 85 F.3d 581, 584 n.4 (11th Cir.1996)." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th 2002). However, "[i]n civil rights

---

[6]The court finds that even if it permitted Watkins an opportunity to amend his complaint he would be unable to obtain any such evidence.

and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . . It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 556-557 (1984). In addition, merely "stringing together" acts of individuals is insufficient to demonstrate the existence of a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

Other than his suppositious and conclusory allegation of a conspiracy, Watkins makes no assertions relative to the existence of an actual conspiracy among the many purported conspirators. Moreover, this court cannot countenance the existence of any evidence which would indicate that the defendants conspired with each other or entered into a conspiracy with Watkins' attorneys, various state court judges and the prosecutors assigned his case to deprive Watkins of his constitutional rights. For these reasons, the court concludes that Watkins' bare allegation of a conspiracy is insufficient to support a claim for relief and dismissal of this claim in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) is therefore warranted.

### D.  Criminal Conviction

To the extent Watkins presents claims which go to the fundamental legality of the conviction imposed upon him by the Circuit Court of Morgan County, Alabama for first degree robbery, these claims provide no basis for relief in this cause of action. *Edwards v.*

*Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, if it would, the complaint must be dismissed unless . . . the conviction or sentence has already been invalidated." *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for or duration of his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the

constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute[.]"). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Watkins v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate to present claims which challenge his conviction "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

Under the circumstances of this case, *Heck* and its progeny bar Watkins' use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his robbery conviction. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of

cognizability, not exhaustion."). Consequently, the claims presented by Watkins that address the constitutionality of his robbery conviction are not cognizable in this cause of action and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Judge Greg Griffin be DISMISSED with prejudice pursuant to the directives of U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. The plaintiff's claims against defendants Bedsole, Brown, McClain, Vickers, Wright and Mott be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The plaintiff's claims which go to the fundamental legality of his conviction for first degree robbery be DISMISSED without prejudice pursuant to the directives of U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in the instant civil action.

The plaintiff may file objections to the Recommendation on or before November 15, 2016. If the plaintiff files objections, he must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the

15

Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 31st day of October, 2016.


      /s/Terry F. Moorer
     TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE